IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLARENCE JOSEPH HAYES,

    Petitioner,               No. 2:09-cv-2433-WBS-JFM (HC)

    vs.

D.K. SISTO,

    Respondent.            FINDINGS & RECOMMENDATIONS

                             /

           Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his March 31, 1999 conviction ("the 1999 conviction") on charges of first degree burglary, oral copulation, robbery, forcible digital penetration, and two counts of rape. This matter is pending before the court on respondent's motion to dismiss. Petitioner opposes the motion.

PROCEDURAL BACKGROUND[1]

           Following the 1999 conviction, petitioner was sentenced on May 14, 1999 under the three-strikes-law to an aggregate term of 175 years to life, which was to be served

---

[1] Portions of the procedural background are reproduced from the undersigned's August 3, 2010 findings and recommendations in related case no. 07-cv-2755-WBS-JFM. In the present case, respondent did not file duplicate copies of lodgments as those filed in case no. 07-cv-2755. Thus, reference to lodgments from case no. 07-cv-2755 are denoted "LD [07cv2755]" and reference to lodgments filed in the present case are denoted "LD [09cv2433]."

1

consecutively to a ten-year determinate term. (Lodgment (hereinafter, "LD") [07cv2755] 1 at 1-2.) Petitioner's first two strikes were a prior rape conviction and a prior out-of-state robbery conviction, which the trial judge found qualified as a strike under California law. (Id.)

Petitioner appealed that sentence, asserting that the trial court relied on insufficient evidence to find that the out-of-state conviction qualified as a strike. (LD [07cv2755] 1 at 1-2.) On July 1, 2001 and upon concession by the Attorney General that sufficient evidence did not exist for the trial court's finding that petitioner suffered a third strike, the case was remanded for retrial to determine whether there was sufficient evidence for the out-of-state conviction to qualify as a strike under California law. (Id.) Petitioner also asserted instructional and evidentiary error in the appeal. (Id.) Other than the remand on the issue of the out-of-state conviction, the judgment was affirmed in all other respects. (Id.)

On July 26, 2002, petitioner sought review in the California Supreme Court. (LD [07cv2755] 2.) On September 18, 2002, the California Supreme Court granted review, but on April 5, 2004, review was dismissed. (See LD [07cv2755] 3 and 4.)

On remand, the Attorney General did not seek to retry the out-of-state robbery conviction. (See LD [07cv2755] 7 at 1-2.) Thus, on September 24, 2004, petitioner was re-sentenced to an aggregate term of sixty-five years, which was to run consecutively to one term of life with a minimum parole eligibility of fifty years. (Id. at 5.)

On August 15, 2006, the California appellate court denied petitioner's second direct appeal, in which he challenged the sentence imposed following remand.[2]

---

[2] During the pendency of his second direct appeal, petitioner filed a petition for writ of habeas corpus in the Sacramento County Superior Court. (See LD [07cv2755] 8.) There, petitioner argued that insufficient evidence supported the trial court's finding of a strike based on his prior rape conviction and that his counsel was ineffective for failing to object to the use of the prior conviction as a strike.

On May 9, 2005, the petition for writ of habeas corpus was denied. (LD [07cv2755] 8.) The court found that petitioner failed to raise the first issue at sentencing and failed to show how counsel should have objected or what evidence could have been investigated in defense of the prior strike conviction.

2

(LD [07cv2755] 13.)  Specifically, petitioner challenged the trial court's imposition of fully consecutive sentences on counts three, four and five; challenged the trial court's imposition of fully consecutive and upper terms based on factors not presented to the jury and in violation of Blakely v. Washington, 542 U.S. 296 (2004); and argued that his sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment.  (See LD [07cv2755] 13, App. A.)

On September 21, 2006, petitioner appealed the appellate court's August 15, 2006 order to the California Supreme Court.  (LD [07cv2755] 13.)

On November 1, 2006, review was denied by the California Supreme Court.  (LD [07cv2755] 14.)

On January 8, 2007, petitioner filed a petition for writ of certiorari in the United States Supreme Court.  (LD [07cv2755] 15.)  Therein, petitioner challenged the California appellate court's August 15, 2006 order in light of Cunningham v. California, 549 U.S. 270 (2007).

On March 19, 2007, the petition for writ of certiorari was granted.  (LD [07cv2755] 16.)  The judgement of the California Court of Appeal was vacated and the case was remanded for further consideration in light of Cunningham.

On March 26, 2007, the state appellate court vacated its August 15, 2006 order, reinstated the appeal, and invited further briefing addressing Cunningham.  (LD [07cv2755] 17.)

/////

---

On June 13, 2005, petitioner filed an appeal of the denial of his petition for writ of habeas corpus with the California appellate court.  (LD [07cv2755] 9.)

On June 16, 2005, the petition for writ of habeas corpus was summarily denied by the state appellate court.  (LD [07cv2755] 10.)

On July 7, 2005, petitioner filed an appeal of the denial of his petition for writ of habeas corpus with the California Supreme Court.  (LD [07cv2755] 11.)

On May 17, 2006, the petition for writ of habeas corpus was denied by the California Supreme Court.  (LD [07cv2755] 12.)

1         On August 21, 2007, the state appellate court filed its opinion.  (See LD [07cv2755] 18.)  There, the appellate court again addressed petitioner's arguments that (1) the trial court erred in imposing fully consecutive sentences on counts three, four, and five; (2) the imposition of fully consecutive and upper terms based on factors not presented to the jury violated his Sixth Amendment rights as interpreted in Blakely v. Washington, 542 U.S. 296 (2004), and Cunningham v. California, 549 U.S. 270 (2007); (3) his counsel was ineffective for not objecting to the upper term consecutive sentences; and (4) his sentence violated the Eighth Amendment.  The state appellate court upheld the sentence.

         On October 3, 2007, petitioner filed a petition for review in the California Supreme Court.  (LD [07cv2755] 19.)  On November 14, 2007, the petition was denied.  (LD [07cv2755] 20.)

         Petitioner then filed a petition for writ of habeas corpus in this court on December 20, 2007 challenging the constitutionality of his sentence following the 1999 conviction (the "first petition"). On April 3, 2008, respondent filed an answer.  On April 21, 2008, petitioner filed a traverse.

         On September 30, 2008, petitioner filed a writ of habeas corpus in the Sacramento County Superior Court challenging his 1999 conviction on grounds of juror misconduct and ineffective assistance of counsel.  (LD [09cv2433] 4.)

         On October 27, 2008, the superior court denied petitioner's petition.  (LD [09cv2433] 5.)  That petition was denied on the ground that petitioner failed to raise the juror misconduct claim in his direct appeal and he failed to show prejudice concerning his claim of ineffective assistance of counsel.  (Id. at 2-3.)

         On November 4, 2008, petitioner appealed this decision to the California Court of Appeal, Third Appellate District, again challenging the constitutionality of the 1999 conviction with allegations of  juror misconduct and ineffective assistance of counsel.  (LD [09cv2433] 6.) That petition was summarily denied on December 4, 2008.  (LD [09cv2433] 7.)

4

1  On December 16, 2008, petitioner appealed to the California Supreme Court. (LD [09cv2433] 8). On July 8, 2009, that petition was denied with citation to In re Robbins, 18 Cal. 4th 770, 780 (1998); In re Clark, 5 Cal. 4th 750 (1993); and In re Swain, 35 Cal. 2d 300, 304 (1949). (LD [09cv2433] 9.)

On August 31, 2009, petitioner filed the instant petition ("the instant petition" or "the second petition") for writ of habeas corpus. Here, petitioner challenges the 1999 conviction by raising claims of juror misconduct and ineffective assistance of counsel. Under a related case order on January 20, 2010, petitioner's first petition was related to the second petition.

The first petition was subsequently denied on August 25, 2010 and judgment entered accordingly.

DISCUSSION

Respondent seeks dismissal of the instant petition on the grounds that it is successive and untimely. Respondent argues that petitioner's first petition challenging the constitutionality of his sentence following the 1999 conviction precludes petitioner from filing a second petition challenging his 1999 conviction on other grounds. Alternatively, respondent argues that, should the court to construe the second petition as a motion to amend, it should be denied because it is untimely and it does not relate back to the first petition.

Because the instant petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), AEDPA applies in this proceeding. Lindh v. Murphy, 521 U.S. 320, 327 (1997), cert. denied, 522 U.S. 1008 (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

Under AEDPA, a federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new, retroactive, constitutional right or (2) the factual basis of the claim was not previously discoverable through due diligence, and the new facts establish by clear and

convincing evidence that but for the constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B).

However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition. Section 2244(b)(3)(A) provides, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, a petitioner must obtain leave from the Ninth Circuit before he or she can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-57 (1996). This court must dismiss any claim presented in a second or successive habeas corpus application under section 2254 unless the Court of Appeals has given petitioner leave to file the petition. 28 U.S.C. § 2244(b)(1). This limitation has been characterized as jurisdictional. Burton v. Stewart, 549 U.S. 147, 152 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001).

Petitioner, however, did not seek leave of the Ninth Circuit to file a second or successive habeas corpus application. Petitioner argues that he is a "layman of the law," he did not understand the rules of filing procedures, and he did not know that he needed to file a request with the appellate court in order to file a second or successive petition. (Opp'n at 5.)

The court finds that petitioner's lack of knowledge with respect to a particular rule or law rarely, if ever, provides justification for failure to comply with that rule or law. See Pincay v. Andrews, 351 F.3d 947, 951 (9th Cir. 2003) ("No axiom is more familiar than 'Ignorance of the law is no excuse .' "). In the habeas context, it has been specifically held that ignorance of the law cannot provide a basis for excusing procedural default, e.g., Washington v. James, 996 F.2d 1442, 1447 (2d Cir. 1993), and cannot provide a basis for tolling the statute of limitations, e.g., Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). There does not appear to be any reason to depart from the general principle that ignorance of the law cannot excuse compliance with that law in this case.

Nonetheless, in <u>Woods v. Carey</u>, 525 F.3d 886 (9th Cir. 2008), the Ninth Circuit held that, under certain circumstances, if a pro se petitioner files a habeas petition during the pendency of a previous petition, the district court should construe the second petition as a motion to amend the previous petition. <u>Woods</u>, 525 F.3d at 889-890. Here, the first petition was filed on December 20, 2007. During the pendency of the first petition (albeit following a nearly twenty month delay), petitioner filed the instant petition. Hence, <u>Woods</u> appears to require the court to construe the "second or successive" petition filed while the first petition was still pending as a motion to amend the earlier petition.

Accordingly, the court will follow <u>Woods</u> and construe the instant petition as a motion to amend. A petitioner may amend a petition for writ of habeas corpus once "as a matter of course," and without leave of court, before a response has been filed under Federal Rule of Civil Procedure 15(a), as applied to habeas corpus actions pursuant to 28 U.S.C. § 2242 and Rule 11 of the Rules Governing Section 2254 Cases. <u>Calderon v. United States District Court (Thomas)</u>, 144 F.3d 618, 620 (9th Cir. 1998); <u>Bonn v. Calderon</u>, 59 F.3d 815, 845 (9th Cir. 1995). Leave of court is required for all other amendments. Fed. R. Civ. P. 15(a). In this case, respondent had already filed an answer in case no. 07-cv-2755-WBS-JFM by the time petitioner filed the instant petition. Thus, leave of court would be required for any such amendment in that case. In deciding whether to allow an amendment, the court may consider "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." <u>Bonin v. Calderon</u>, 59 F.3d 815, 844-45 (9th Cir. 1995) (applying Rule 15(a) in a habeas case).

In his opposition, petitioner asserts that his petition is not successive; that he has diligently appealed his 1999 conviction, filing multiple petitions both in state and federal court; and that he was awaiting a final determination on his challenges to his sentence before challenging his 1999 conviction on the grounds present here. Petitioner also states that he

7

assumed that AEDPA's one-year limitations period accrued after a final determination in the state supreme court and that the instant petition is not barred as untimely because, pursuant to 28 U.S.C. § 2244, state review became final on July 8, 2009 when the California Supreme Court denied his petition for habeas relief.[3]

Construing the petition as a motion to amend pursuant to Woods, the court recommends that the motion be denied. To begin, petitioner is unable to satisfactorily justify his undue delay in filing the instant petition. Although petitioner states that he was awaiting resolution of his sentencing claims in his first petition before proceeding with the grounds presented herein, petitioner does not provide any explanation as to why he believed such a delay was necessary. Petitioner also does not explain why he did not raise the issues presented here in his direct appeal in state court.

Next, it is noted that respondent has already been prejudiced by having fully litigated, on the merits, the petition in case no. 07-cv-2755-WBS-JFM. As noted in Johnson v. Walker, 2010 WL 424395, *3 (E.D. Cal. 2010), "Any action by this Court to either re-open [a closed case] or to proceed with the instant petition would effectively require Respondent to litigate Petitioner's conviction twice in federal court."

Finally, the court agrees with respondent that amendment would be futile because petitioner's claims are untimely and relation back would be improper. Under the AEDPA statute of limitations, a petition for writ of habeas corpus generally must be filed within one year from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Ninth Circuit Court of Appeals has held that the "time for seeking direct review" under 28 U.S.C. § 2244(d)(1)(A) includes the ninety-day period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court under Supreme Court Rule 13, whether or not the

---

[3] Petitioner erroneously lists this date as July 28, 2009. (See Opp'n at 3.)

petitioner actually files such a petition. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). Here, petitioner's direct review became final on November 14, 2007, when the California Supreme Court denied petitioner's direct appeal challenging the constitutionality of his sentence. Thus, the one-year limitations period commenced ninety days later on February 12, 2008, providing petitioner until February 12, 2009 to file his petition.

Even if the court were to toll the limitations period to account for petitioner's applications for post-conviction relief or collateral review in the state courts, see 28 U.S.C. § 2244(d)(2), such tolling would not factor the period from December 4, 2008, when the state appellate court denied the petition, to July 8, 2009, when the California Supreme Court denied the petition with reference to In re Robbins, 18 Cal. 4th 770, 780 (1998). Citation to Robbins in the order was a "clear ruling" that the state petition was untimely and, hence, not entitled to receive Section 2244(d)(2) tolling. Thorson v. Ramirez Palmer, 479 F.3d 643, 645 (9th Cir. 2007). Thus, the limitations period is tolled 76 days, from September 20, 2008, when petitioner filed a petition before the Sacramento County Superior Court, to December 4, 2008, when the state appellate court denied the petition. Therefore, petitioner would have had until April 29, 2009 to file the instant petition. Petitioner, however, filed the instant petition on August 31, 2009. Even with tolling, then, it appears the petition is untimely.

The remaining question is whether the otherwise untimely claims may be added under the relation back doctrine. The United States Supreme Court held in Mayle v. Felix, 545 U.S. 644, 659 (2005), that a petitioner may amend a new claim into a pending federal habeas petition after the expiration of the limitations period, but only if the new claim shares a "common core of operative facts" with the claims in the pending petition and is the same in both "time and type" from those set forth in the original pleading. A new claim does not "relate back" to the filing of an exhausted petition simply because it arises from "the same trial, conviction, or sentence." Id. at 662-64.

/////

In the first petition, petitioner sought relief on the grounds that (1) he did not forfeit his claims raised in that petition by failing to object in the trial court to his full-term consecutive and upper-term sentence, which he alleges violates his Fifth, Sixth and Fourteenth Amendment rights; (2) he was denied effective assistance of counsel when his trial attorney failed to object to the sentence imposed; and (3) his sentence violated the Eighth Amendment. In the instant petition, petitioner seeks relief on the grounds that (1) his constitutional rights were violated by jury misconduct and (2) he was denied effective assistance of counsel when his trial counsel failed to investigate allegations of jury misconduct. None of petitioner's new claims, which are related to allegations of jury misconduct, are based on "the same core facts" as the claims contained in his first petition. Mayle, 545 U.S. at 657. Rather, they are based on independent facts, different in both time and type. See Davenport v. United States, 217 F.3d 1341, 1346 (11th Cir. 2000) (newly offered claims of ineffective assistance of counsel did not relate back to timely-filed claims of ineffective assistance of counsel because they were raised on different sets of facts); United States v. Duffus, 174 F.3d 333, 337-38 (3d Cir. 1999) (claim of ineffective assistance of counsel for failing to move to suppress evidence did not relate back to claim of ineffective assistance of counsel for failing to contend on appeal that evidence was insufficient to support conviction).

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss be granted and this action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

/////

1  /////

2  parties are advised that failure to file objections within the specified time may waive the right to

3  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

4  DATED: February 9, 2011.

```
                              _____
                              UNITED STATES MAGISTRATE JUDGE
```

8  /014.haye2433.mtd